**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| Brittany Murphy<br><br>    Plaintiff<br><br>    v.<br><br>International Hospitality Services, Inc., D/b/a Hotel La Concha Renaissance San Juan; International Hospitality Associates,Inc.; Chubb Insurance Company;  X COMPANY;  B INSURANCE COMPANY;<br><br>    Defendants | Civil no.<br><br>Plaintiff Demands Trial by Jury |

**COMPLAINT**

TO THE HONORABLE COURT:

**Comes now** the Plaintiff, Brittany Murphy, through the undersigned attorneys, and before this Honorable Court respectfully alleges and prays as follows:

## I. THE PARTIES

1.  Plaintiff, Brittany Murphy ("Ms. Murphy") is of legal age, single and domiciled in the State of Texas.

2.  Co Defendant, International Hospitality Services, Inc., d/b/a Hotel La Concha Renaissance San Juan,(" Hotel La Concha")  is a domestic, for profit corporation, with principal offices located in San Juan, Puerto Rico, that is

1

the owner, manager and administrator of the Hotel La Concha,
located at 1077 Ashford Ave, Condado, San Juan, Puerto Rico.

3. International Hospitality Associates, Inc., by information and belief, is the manager and operator of Hotel La Concha, Ashford Ave, Condado, San Juan, Puerto Rico.

4. By information and/or belief, CHUBB Insurance Company of Puerto Rico is a duly registered insurance company authorized to conduct business in the Commonwealth of Puerto Rico, that at the time of the accident described in this complaint had issued and had in full force and effect, one or more insurance policies to cover the legal liability for negligence of Hotel La Concha and its employees for accidents as described in this complaint.

5. X Company is the fictitious name used to denominate another company that also owns, operates and manages together with the rest of the defendants Hotel La Concha, that is also responsible to the plaintiff for the accident and damages suffered by plaintiff as described in this complaint.

6. B insurance company, is the fictitious name used to denominate the currently unknown insurance company that at the time of the accident described in this complaint had issued and had in full force at the time of the accident, as per the terms and conditions of the issued insurance policy,

2

a liability insurance policy to cover the legal liability of one or more of the above-named defendants. Once the identity of said insurance company is made known, the complaint may be amended so as to include the proper insurance company defendant as an additional defendant to this complaint.

## II. JURISDICTION

7.   This Honorable Court has subject matter jurisdiction to entertain the instant case pursuant to *28 U.S.C. section 1332 (a) (1) b*ecause this is a case or controversy between citizens of different states and the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8.   Pursuant to 28 U.S.C. Section 1392 (a) (2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

## III. TOLLING OF THE STATUTE OF LIMITATIONS

9. The accident that gives origin to the present case occurred on December 20, 2021, at Hotel La Concha, and thus, as per the Civil Code of Puerto Rico of 2020, at the time of filling the complaint the statute of limitations of one (1) year has not elapsed.  See Articles 1191 (f) and 1204 (a) of the Civil Code of Puerto Rico.

## IV. THE FACTS AND THE DAMAGES

10. Plaintiff, along with her sentimental partner were guests at Hotel La Concha starting on December 17th, 2021.

11. On the evening of December 20, 2021, plaintiff was in her hotel room, walking from her bed towards the bathroom.

12. In route to the bathroom, plaintiff stepped on a small, fabric covered, metal button that was in the humid, tiled floor, causing her to slip and abruptly fall, suffering life changing injuries and damages as a result of said fall.

13. After the fall, plaintiff noticed that the small fabric covered button that she stepped on matched the buttons of a chair located in her hotel room. Upon further inspection, plaintiff also found an identical second button on the floor belonging to the same bedroom chair.

14. Because of the abrupt fall, plaintiff suffered a severe fall to include a right broken arm and an injury to her shoulder, intense physical pain and mental anguish.

15. Her partner assisted Ms. Murphy and they both went to a Ashford Medical in order to get emergency treatment for Ms. Murphy.

16. Because of the severity of her injury, she was told in Puerto Rico that she needed an operation and she proceeded to make arraignments to immediately return home in order to get operated. She returned to Texas on December 21st.

17. On January 7th, 2022, after various delays not caused by plaintiff, Ms. Murphy was finally operated in Dallas, Texas, in order to fix her broken, right humerus bone.

18. The operation to fix the broken humerus required the installation of permanent hardware.

19. After the operation, plaintiff had to endure a very long and painful recovery period.

20. To this date, plaintiff still suffers from pain, mental anguish, discomfort, distress, and embarrassment. She has permanent damages, since she has marked limitation of movement in her right arm and shoulder, permanent hardware installed to fix the humerus bone and a huge, approximately one foot long scar in the back of her right arm. She also suffers from shoulder pain and discomfort to this date.

21. To this date she no longer is able to carry out certain activities and pleasures of life that she was able to enjoy prior to the accident. She is limited in the type of activities that she can know perform that require the use of her right arm.

5

22.  The value of all her damages related to her injuries, to include past, present and future pain, physical damages, permanent damages and impairment, and mental anguish is estimated in a sum in excess of **NINE HUNDRED AND FIFTY THOUSAND DOLLARS ($950,000.00)**

23.  As a result of the accident she incurred and is incurring in additional damages.  Her vacation with her sentimental partner was ruined.  She had to incur in transportation and lodging costs. Ms Murphy also incurred and will have to incur in unwanted expenses, to include medical, travel and other miscellaneous unwanted expenses related to this accident in a sum estimated in excess of **FIFTY THOUSAND DOLLARS ($50,000),** a sum that is also owed to the plaintiff by the defendants, since she would not have incurred in said expenses if the accident had not occurred.

## V. LIABILITY

25.  The accident resulting in the serious, severe and permanent damages to Ms. Murphy, was caused by the exclusive fault and negligence of the Defendants and their employees.

26.  As Inkeeper's, Defendants' and their employess had a duty towards Ms. Murphy, and failed to properly maintain a clean, hazard free bedroom used by Ms. Murphy.  Their lax attitude

in not noticing a worn, bedroom chair, with missing chair buttons contributed to the accident suffered by Ms. Murphy as further explained.

27. The defendants and their employees, in not noticing a worn chair with missing buttons and allowing a metal button to remain in the humid, tiled floor, caused the slip and fall accident suffered by Ms. Murphy when she stepped on the chair button, slipped and abruptly fell.

28. As Inkeeper's, Defendant and its employees, as part of the housekeeping functions, should have noticed that the chair located inside the bedroom was in a state of disrepair, since at least two chair buttons belonging to the same were missing from said chair, yet they failed to identify the broken chair with missing buttons.

29. Rather than identify the state of disrepair of the chair and replacing the chair, and more importantly, searching for the missing metal chair buttons, they acted indifferently allowing the buttons to remain on the floor of the hotel room bedroom that eventually resulted in the accident suffered by Ms. Murphy when she stepped on one of the buttons located on the tiled floor, causing her to slip and abrupt fall, receiving life changing, permanent injuries as a result of said fall.

30. At all material times, all the defendants, and their employees, had a duty to monitor and maintain the bedroom and its furniture in good working order, repair and condition, and the hotel floor clean from foreign materials that could cause an accident like the one described in this complaint. Yet they negligently failed to act, correct and remove the metal button from the floor, allowing, with said negligence for the accident to happen.

31. The accident would not have happened if not for the joint fault and negligence of all the defendants and their employees. As Puerto Rico Innkeepers' and as owners, supervisors, operators and/or administrators, and employees of a hotel, the defendants and their employees are the only entities responsible for their lack of adequate actions to identify, repair and eliminate the dangerous condition that metal buttons on humid, tiled floors represented.

32. Pursuant to Puerto Rico law, all defendants are jointly and severally liable for the damages claimed herein as a result of the accident described in this complaint suffered by Ms. Murphy.

33. All insurance company defendants, are directly liable to the plaintiff as per the terms of the insurance policies in effect at the time of the accident.

34.  Plaintiff demands trial by jury.

   **WHEREFORE,** it is respectfully requested that this Honorable Court enter judgment for plaintiff, for the relief demanded in the complaint with the imposition of reasonable attorneys' fees and costs.

   In San Juan, Puerto Rico, this 12th day of December, 2022.


**RIVERA-ASPINALL, GARRIGA**
**& FERNANDINI LAW FIRM**
Attorneys for Plaintiff
1647 Adams Street
Summit Hills
San Juan PR 00920
Telephone: (787) 792-8644
Facsimile: (787) 792-6475
Email: aspinall@ragflaw.com

**S/Julian Rivera Aspinall**
Julian Rivera-Aspinall
USDC# 208506